NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-602

D.S.[1]

vs.

K.M.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On the counterclaim of the father, D.S., to the complaint for modification filed by the mother, K.M., a judge of the Probate and Family Court awarded the father sole physical and legal custody of the parties' minor child, and set a schedule for the mother's parenting time with the child.  The mother appeals, arguing that the judge improperly weighed evidence that the mother had twice made unsupported allegations that the father had sexually abused the child, and exhibited "bias" against the mother.  We affirm.

---

[1] We use the initials appearing in the complaint for modification.

Background.  We set forth the facts based on the judge's findings as to the evidence at the December 15, 2023 trial.

In October 2021, the judge granted sole physical and legal custody of the child to the father, with parenting time to the mother at the father's sole discretion and with the father present, on the condition that the mother refrain from using alcohol or drugs in the presence of the child.  In November 2021, the judge entered further temporary orders, granting physical custody of the child to the father and shared legal custody to both parents, and setting schedules for the mother's parenting time.

In February 2022, the mother reported to a child advocacy center that the father had sexually abused the child.  A report pursuant to G. L. c. 119, § 51A, was filed, and the Department of Children and Families (DCF) and police investigated the allegation.  The child underwent a forensic interview under the Sexual Abuse Intervention Network (SAIN) protocol, but did not disclose any sexual abuse by the father.  The maternal grandfather filed a petition for guardianship of the child, which was dismissed after a DCF worker testified that the allegations of sexual abuse were unsupported.

The judge entered further temporary orders.  The judge credited the father's trial testimony that from the fall of 2022 to early 2023, the parties were sharing custody of the child and

the schedule worked well.  In January 2023, on the parties' partial agreement for judgment, the judge ordered that the parties share legal and physical custody of the child.

The mother testified that in May 2023 DCF contacted her about a report that she had used marijuana in the presence of her other child, an infant.  On May 26, 2023, the mother made a second allegation to DCF that the father had sexually abused the child.  The mother repeated the allegation to police and in an affidavit in support of an application for an emergency G. L. c. 209A order.  The G. L. c. 209A order issued, but was dismissed several days later.

On June 1, 2023, the mother filed the instant complaint for modification seeking sole legal and physical custody of the child, alleging as a change in circumstances that the father was under investigation by DCF for sexual abuse of the child.  The father filed an answer and counterclaim, denying the mother's allegations and seeking sole legal and physical custody of the child, with supervised parenting time for the mother.  The mother filed a seven-page affidavit detailing her allegations of sexual abuse of the child by the father.

At a second SAIN interview on June 7, 2023, the child again did not disclose any sexual abuse by the father.  However, the child did disclose that "my mom said to me, we need to talk about penises."  After both parents were informed that the

3

allegations of sexual abuse were unsupported, the father contacted the mother to attempt to pick up the child for his scheduled parenting time, but the mother refused to turn over the child, and the father contacted his attorney.

Before trial, the judge issued temporary orders that, among other things, gave the father sole legal and physical custody of the child and granted the mother supervised parenting time.

At trial, the mother denied having coached the child; the judge did not credit her denial. The mother testified that she had no concerns about the allegations of sexual abuse being true, but she made them on the child's behalf because she was acting as the child's "voice" and she believed them "in the moment," which the judge did not credit. The judge found that the mother's false allegations have resulted in major disruptions in the child's life.

On the mother's complaint for modification and the father's counterclaim, the judge entered a judgment granting sole legal and physical custody of the child to the father. The judge ordered that the mother's parenting time need not be supervised, and that during parenting time the mother and her romantic partner shall not be under the influence of drugs or alcohol. The mother timely appealed.

Discussion. We review custody determinations for an abuse of discretion and leave the judge's factual findings

4

"undisturbed absent a showing that they are plainly wrong or clearly erroneous." Schechter v. Schechter, 88 Mass. App. Ct. 239, 245 (2015). We "give due regard to the judge's assessment and determination of credibility of the witnesses and the weight of the evidence." E.K. v. S.C., 97 Mass. App. Ct. 403, 409 (2020). The best interest of the child is the primary inquiry in custody matters; it is within the discretion of the judge to determine which parent will promote a child's best interest. Hunter v. Rose, 463 Mass. 488, 494 (2012); see Custody of Kali, 439 Mass. 834, 840, 845 (2003). While the judge has no "definitive list of criteria" to consider in determining the best interest of the child, certain "constants" of assessment include "which parent has been the primary caretaker of, and formed the strongest bonds with, the child[;] the need for stability and continuity in the child's life, the decision-making capabilities of each parent to address the child's needs, and the living arrangements and lifestyles of each parent" and how they impact the child. El Chaar v. Chehab, 78 Mass. App. Ct. 501, 506 (2010). See G. L. c. 208, § 31. A judge may also consider "whether any member of the family abuses alcohol or other drugs . . . and whether the parties have a history of being able and willing to cooperate in matters concerning the child." G. L. c. 208, § 31.

1. _Judge's consideration of sexual abuse allegations_. The mother argues that the judge improperly "punished" her for having brought the sexual abuse allegations against the father, impermissibly based the custody decision on a finding that the mother "made up" those allegations, and failed to weigh the impact on the child of mother's lack of custody. We are not persuaded.

Based on the evidence at trial, the judge found the mother's allegations to be "unsupported and transparent." The judge further found that "[w]hen Mother is faced with the possible loss of custody due to her own bad acts . . . she creates a false narrative against the Father with complete disregard for the damage it may cause to the child and the family."

"The judge is afforded considerable freedom to identify pertinent factors in assessing the welfare of the child and weigh them as she sees fit." Smith v. McDonald, 458 Mass. 540, 547 (2010). The judge weighed the impact on the child of the mother's false allegations against the father. The judge found that those allegations went against the child's best interest, and further that the mother did not appear to understand the impact of her allegations on the child's welfare. Even so, the judge credited the father's testimony that the mother's parenting time was "necessary," and that the child was eager to

see the mother before her parenting time and unhappy to say goodbye at its conclusion.  We discern no abuse of the judge's discretion in weighing that conflicting evidence.

2.  Alleged judicial bias.  The mother also argues that the judge was "biased" against her and in favor of the father, and improperly curtailed her presentation of evidence.  The argument is unavailing.

The mother represented herself at trial.  "Despite their lack of legal training, pro se litigants are held to the same standards as practicing members of the bar."  Commonwealth v. Jackson, 419 Mass. 716, 719 (1995).

Our review of the transcript reveals that the judge patiently explained trial procedures to the mother.  Just before the mother testified, the judge said, "I'm going to give you a chance to tell me whatever you want -- whatever is not objectionable."  The judge allowed the mother to testify in narrative form.  On multiple occasions when the mother testified to inadmissible evidence such as hearsay statements of DCF workers, the judge allowed the father's counsel's motions to strike.[2]  None of those evidentiary rulings amounted to an abuse of discretion.  See E.K., 97 Mass. App. Ct. at 409, citing L.L.

_____

[2] To the extent that the mother's brief contains statements attributed to "DCF" that were not admitted at trial, we disregard them as not properly before us.

7

v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  See also M.B. v. J.B., 86 Mass. App. Ct. 108, 110 n.5 (2014).

Nor does the trial record support the mother's claim of judicial "bias" against her.  Adverse rulings alone are insufficient to establish judicial bias except "'in the rarest circumstances' where they 'reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'" Passero v. Fitzsimmons, 92 Mass. App. Ct. 76, 83 (2017), quoting Liteky v. United States, 510 U.S. 540, 555 (1994).  No such favoritism or antagonism was present here.  Indeed, after trial, the judge increased the mother's parenting time with the child from supervised ninety-minute visits twice weekly to unsupervised parenting time every other weekend, including an overnight, and weekday after school visits.  We find no evidence of judicial bias.

Judgment dated January 22, 2024, on complaint for modification and counterclaim, affirmed.

By the Court (Grant, Brennan & Smyth, JJ.[3]),

Clerk

Entered:  October 29, 2025.

---

[3] The panelists are listed in order of seniority.